ISABEL MICHELA AMSEL
110 South Church Avenue #436
Tucson, Arizona 85701
ISABEL MICHELA AMSEL (Az Bar No: 023945)
Email: *isabelamsel@outlook.com*
Telephone: (520) 400-0721
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Francisco Tarazon-Gastellum<br><br>Defendant. | 24-1697MJ<br><br>**MOTION TO WITHDRAW AS ATTORNEY OF RECORD AND MOTION TO APPOINT NEW COUNSEL** |

It is expected that excludable delay may result by the granting of this motion. 18 U.S.C. §3161.

Undersigned counsel, Isabel Michela Amsel, moves this Court to allow her to withdraw as attorney of record. Counsel must withdraw pursuant to the Arizona Rules of Profession Conduct, which state:

> "…a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: (1) the representation will result in violation of the Rules of Professional Conduct or other law…"

AZ ST S CT RULE 42 RPC ER 1.16

Counsel has represented the defendant in the past and has had difficulty communicating with him. Despite her best efforts to begin a new positive relationship, Counsel finds there are irreconcilable differences creating communication and conflict between Counsel and the Defendant requiring withdrawal.

1

The Arizona Supreme Court has likewise adopted and delineated certain factors a court can consider in deciding requests to appoint new counsel:

> "A defendant is constitutionally entitled to representation by counsel or to proceed without counsel if he so chooses. *Faretta v. California,* 422 U.S. 806, 807, 95 S.Ct. 2525, 2527, 45 L.Ed.2d 562 (1975); *State v. DeNistor,* 143 Ariz. 407, 412, 694 P.2d 237, 242 (1985); Ariz. Const. art. 2, § 24; *see Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). However, a defendant is not entitled to any *particular* counsel, only to competent counsel. *State v. DeLuna,* 110 Ariz. 497, 500, 520 P.2d 1121, 1124 (1974). Thus a request for new counsel should be examined with the rights and interest of the defendant in mind tempered by exigencies of judicial economy. We have identified several factors to be considered by the trial judge: whether an irreconcilable conflict exists between counsel and the accused, and whether new counsel would be confronted with the same conflict; the timing of the motion; inconvenience to witnesses; the time period already elapsed between the alleged offense and trial; the proclivity of the defendant to change counsel; and \*\*1070 \*487 quality of counsel. *See State v. Lee,* 142 Ariz. 210, 220, 689 P.2d 153, 163 (1984); *State v. DeNistor,* 143 Ariz. at 413, 694 P.2d at 243."

State v. LaGrand, 152 Ariz. 483, 486–87, 733 P.2d 1066, 1069–70 (1987)

The status of the case is as follows:

- Counsel has met with the defendant at Corecivic, where the defendant is in custody; it was abundantly clear that irreconcilable differences exist and are unlikely to be remedied.
- Defendant's DHPH was today. The defendant has not yet been indicted.
- Counsel has no reason to believe the defendant's issues will be repeated with new counsel.

Counsel requests the Court relieve her of all future responsibility and appoint new counsel.

RESPECTFULLY submitted this 26th day of March, 2024.

Isabel Michela Amsel
*/s/ Isabel Michela Amsel*
ISABEL MICHELA AMSEL
*Attorney At Law*

Distribution: All ECF Participants

2